UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOYER EQUIPMENT, LLC PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-592-DPJ-ASH

ANDERSON CONTRACTING, LLC DEFENDANT

# ORDER

Plaintiff Boyer Equipment, LLC, filed this lawsuit against Anderson Contracting, LLC, on August 13, 2026, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. It failed to file a Rule 7.1 disclosure statement with its complaint, so the Court ordered it to do so. Order [2]. Boyer Equipment filed its Rule 7.1 disclosure statement on August 19, 2026, but the statement is deficient because it fails to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to" it. Fed. R. Civ. P. 7.1(a)(2). Instead, it lists its state of organization and principal place of business. Disclosure Statement [3] ¶ 1. But "the citizenship of an LLC is determined by the citizenship of its members." *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2014). Moreover, negative allegations of citizenship—such as none of the members are citizens of a particular state—will not suffice. *Bluestone Partners, LLC v. Lifecycle Constr. Servs., LLC*, No. 4:22-CV-422, 2022 WL 22695308, at *1 (E.D. Tex. July 22, 2022). Thus, to comply with Rule 7.1, Boyer Equipment must name and identify the citizenship of each of its members.[1] The Court therefore directs

[1] To the extent any of Boyer Equipment's members are themselves LLCs, those LLCs' members and their citizenship must also be disclosed. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (explaining that citizenship of entities whose citizenship is determined by that of their members should be "trac[ed] . . . down the various organizational layers").

Boyer Equipment to file an amended Rule 7.1 disclosure statement on or before September 3, 2026.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE